UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARY ANN L. AUGURSON** | **CIVIL ACTION 11-2021** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **J.P. MORGAN CHASE** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is the Motion for Summary Judgment [Doc. No. 11] filed by Defendant J.P. Morgan Chase. For the following reasons, Defendant's Motion is GRANTED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiff began working for Defendant as a ChaseWorks Team Lead in the File Room on August 2, 2010. All offers of employment with ChaseWorks were conditioned on satisfactory completion of a 90-day introductory period. Further, all ChaseWorks employees were employees at will; either the employer or employee could terminate the employment relationship at any time. Plaintiff does not dispute her at-will status.

Defendant alleges that, throughout Plaintiff's brief employment, Plaintiff was insubordinate to her supervisors, refused to perform her job duties, and negatively impacted the training staff's production. On August 23, 2010, Plaintiff received Verbal Coaching regarding her inability to meet her employer's expectations. Specifically, Plaintiff's supervisor, Raymond Downs ("Downs"), noted that Plaintiff was resistant to lifting and carrying boxes of mortgage files and that she delegated this task to other staff members. Plaintiff insists that she had no

problem with moving or lifting boxes, though questioned why she had to do so without a dolly or cart. By utilizing staff members assigned to other tasks, Plaintiff's actions negatively impacted the staff's overall production.

On September 13, 2010, Downs gave Plaintiff Documented Coaching regarding her reluctance to perform her job duties and for redirecting staff away from their designated job duties to certain physical duties required for production. When coached regarding this issue, Defendant claims Plaintiff took offense to the constructive criticism and indicated that she did not believe she should be required to perform the physical aspects of her job.

In October 2010, a High Priority Default Project ("the Project") began and approximately 60 ChaseWorks employees were transferred to the Project. On October 4, 2010, Plaintiff began taking training classes to learn the legal guidelines and procedures governing the Project. Defendant hired outside legal counsel who had specialized knowledge to assist in the training. During the training classes, Defendant claims Plaintiff was disruptive and questioned the ability and knowledge of the legal team in a loud, demeaning, and argumentative manner. Plaintiff contends that she was concerned about the new responsibilities because she was aware of media controversy surrounding the mortgage industry. She was reluctant to process foreclosed loans before obtaining further legal advice. Plaintiff states that she met with an Assistant Attorney General, but provided few specifics about the meeting, and no formal action resulted.

Defendant claims that Plaintiff's conduct continued to unreasonably hinder the work performance of other staff members. Consequently, based on these complaints, Plaintiff's direct supervisors recommended termination, which was approved by Human Resources. Plaintiff was terminated for unsatisfactory performance on October 22, 2010.

On October 21, 2011, Plaintiff filed a complaint against Defendant asserting claims of wrongful termination, discrimination, and retaliation for exercising her First Amendment Rights. Plaintiff later amended her complaint to assert a claim of "whistleblowing," and to request damages in the amount of $2,610,000.00. The suit was filed in the City Court for the City of Monroe. Defendant removed the action to this Court on November 21, 2011. On November 20, 2012, Defendant filed this Motion for Summary Judgment [Doc. No. 11]. Plaintiff filed an Opposition to Defendant's Motion [Doc. No. 17] on January 7, 2013. On January 22, 2013, Defendant filed a Reply to Plaintiff's Opposition [Doc. No. 18].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the suit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255

### B. First Amendment Retaliation

Plaintiff's first claim is a First Amendment retaliation claim. First Amendment claims can only be maintained against public employers. *Bradley v. Lockheed Martin Corp.*, 275 Fed. App'x. 396, 397 (5th Cir. 2008). Plaintiff was an employee of Defendant, a private employer. Defendant can in no way be classified as a public employer, and Plaintiff has failed to provide any explanation for how Defendant could be bound by the constitutional restrictions that apply to public employers.

The two cases cited by Plaintiff, *Connick v. Myers*, 461 U.S. 138 (2011), and *McAuliffe v. Mayor of New Bedford*, 29 N.E. 517 (1892), fail to support Plaintiff's argument that First Amendment claims can be maintained against private employers. Both cases involve employees who were terminated by governmental employers. Plaintiff's First Amendment claim has no merit. Therefore, Defendant's Motion for Summary judgment on this claim is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

### C. Wrongful Termination

Plaintiff's second claim is for wrongful termination. Under Louisiana law, Plaintiff "could be terminated at any time, for any reason or for no reason at all, provided the termination does not violate any statutory or constitutional provision." *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (5th Cir. 1996). This right may be altered by a contract between the employer and employee,

or tempered by statute. *Quebedeaux v. Dow Chem. Co.*, 2001-2297 (La. 6/21/02); 820 So.2d 542, 545.

Here, it is undisputed that Plaintiff was an at-will employee. Plaintiff points to no contract or statute that would alter this status. Further, Plaintiff was terminated during her 90-day probationary period. All offers of employment with Defendant were conditioned on satisfactory completion of this probationary period. Thus, Plaintiff could be terminated at any time.

Plaintiff asks the Court to create a public policy exception to the at-will employment doctrine. However, this argument has been repeatedly rejected by courts in the Fifth Circuit and Louisiana. *See Guillory v. St. Landry Parish Police Jury*, 802 F.2d 822, 826 (5th Cir. 1986); *Harrison v. CD Consulting, Inc.*, 2005-1087 (La. App. 1 Cir. 5/5/06); 934 So.2d 166 ("[T]here are no broad public policy considerations creating exceptions to employment at-will and affecting relationships between an employer and employee.") (*citing Quebedeaux*, 820 So.2d at 786). The Court declines to create an additional public policy exception. Defendant's Motion for Summary Judgment on this claim is GRANTED, and Plaintiff's wrongful termination claim is DISMISSED WITH PREJUDICE.

### D. Discrimination and Retaliation

Plaintiff next raises claims for discrimination and retaliation, presumably under Title VII, although Plaintiff never expressly mentioned Title VII. First, an employee must establish a *prima facie* case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the

protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

In order to make a *prima facie* case of retaliation, an employee must establish that (1) she participated in an activity protected by Title VII, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse employment action by the employer. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. *Reed v. Neopost USA, Inc.* 701 F.3d 434, 439 (5th Cir. 2012). The employer's burden is only one of production, not persuasion, and involves no credibility assessment. *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011). If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. *Id.* To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer. *Id*.

Here, Plaintiff has failed to present a *prima facie* case for either discrimination or retaliation. While she is a member of a protected group as a woman, she has presented no evidence that she was treated less favorably that other similarly-situated employees or that she was replaced by someone outside her protected class. Likewise, though she suffered an adverse employment action when she was terminated, she has not presented any evidence that she engaged in any protected activity or that there was a causal connection between that activity and her termination.

Further, Defendant has articulated legitimate, nondiscriminatory and nonretaliatory reasons for Plaintiff's termination: that Plaintiff was disruptive, insubordinate, and negatively influenced the performance of other employees. In response, Plaintiff has made no effort to demonstrate that Defendant's proffered reasons are pretextual. Defendant's Motion for Summary Judgment on Plaintiff's discrimination and retaliation claims is GRANTED, and these claims are DISMISSED WITH PREJUDICE.

### E.  Whistleblower

Finally, Plaintiff raises a "whistleblower" claim. The Louisiana Whistleblower Statute, LA. REV.STAT. § 23:967, provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices. *Beard v. Seacoast Elec., Inc.*, 2006-1244 (La. App. 4 Cir. 1/24/07); 951 So.2d 1168. The Whistleblower Statute provides, in pertinent part:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law;
>
> > (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
> >
> > (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
> >
> > (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

LA. REV.STAT. § 23:967.

As discussed above, Plaintiff has presented no evidence that Defendant committed an

actual violation of state or federal law. Thus, Plaintiff's Whistleblower claim has no merit.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's Whistleblower claim is GRANTED, and this claim is also DISMISSED WITH PREJUDICE.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 11] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 29th day of January, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE